IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF KING

CRAIG SNYDER, an individual,

    Plaintiff,

v.

EMPOWER CLINICS, INC., a Canadian corporation; STEVEN MCAULEY, an individual,

    Defendants.

NO.

COMPLAINT FOR UNPAID WAGES

Plaintiff, Craig Snyder, by and through his attorney Robin Williams Phillips and Lasher Holzapfel Sperry & Ebberson, PLLC, states and alleges the following causes of action against the Defendants.

## I. PRELIMINARY STATEMENT

1.1    This is an action under RCW 49.52 *et seq*. Plaintiff seeks compensatory damages, double damages, penalties, and all other damages allowed by law, and payment of costs and attorneys' fees.

COMPLAINT FOR UNPAID WAGES - 1

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## II. PARTIES

2.1 Plaintiff is a United States citizen and a resident of King County, Washington.

2.2 Defendant Empower Clinics, Inc. ("Corporate Defendant") is a Canadian corporation. On information and belief, the Corporate Defendant's principle place of business is in Vancouver, British Columbia, Canada. Corporate Defendant is responsible for all acts committed by its agents, representatives, and employees, acting within the course and scope of their agency or employment for Corporate Defendant.

2.3 On information and belief, Defendant Steven McAuley is a Canadian citizen and a resident of British Columbia, Canada.

## III. JURISDICTION AND VENUE

3.1 Original jurisdiction is vested in the Superior Court for the State of Washington, pursuant to RCW 2.08.010.

3.2 The Superior Court has jurisdiction over the subject matter of and the parties to this action.

3.3 Venue is appropriate in King County Superior Court pursuant to RCW 4.12.025 because the Corporate Defendant resides in King County by virtue of transacting business in King County and maintaining an office in King County for the transacting of business.

3.4 This Court has personal jurisdiction over the Defendants.

COMPLAINT FOR UNPAID WAGES - 2

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

## IV. FACTUAL ALLEGATIONS

4.1 Plaintiff re-alleges Paragraphs 1.1 through 3.4, as if fully set forth herein.

4.2 At all material times hereto, the Corporate Defendant was Plaintiff's employer.

4.3 At all material times hereto, Defendant McAuley was the Chairman and Owner of the Corporate Defendant.

4.4 Plaintiff first began performing services on behalf of the corporate defendant on December 16, 2016 through a consulting agreement. A copy of the consulting agreement can be found at tab A.

4.5 Thereafter, Plaintiff began working as Chief Executive Office for the Corporate Defendant on or around May 25, 2018 based out of the Corporate Defendant's office located in Seattle, Washington. Plaintiff and defendant executed an employment agreement setting for the compensation plan for the plaintiff. A true and correct copy of the May 25, 2018 employment agreement is attached hereto and maybe found at tab B.

4.6 In December 2018, the defendant corporation went through transition and as a result, a termination agreement dated January 4, 2019 was reached between the plaintiff and Empower Clinics Inc. This agreement sets forth compensation due and owing to the plaintiff as a result of his employment. A true and correct copy of plaintiff's termination agreement is attached hereto as Tab C. On or about January 4, 2019, plaintiff's employment with the Defendant ended.

4.7 As part of that transition and in accordance with the terms of the termination agreement, plaintiff was kept on to provide consulting services for the defendant. The parties agreed that plaintiff would provide consulting services for a monthly payment of $5,500 per month. The consulting agreement provided for a 60 day notice period for termination following

COMPLAINT FOR UNPAID WAGES - 3

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

the first four months of providing services. Plaintiff was to provide a maximum of 10 hours per week for consulting services.

4.8   The termination agreement also provided for monetary payments to the plaintiff. The agreement provided that the company was to pay plaintiff a lump sum of $75,000 and reimbursement of business expenses in the amount of $23,706.23 within five days of the company closing a debt or equity financing.

4.9   The termination agreement also provided for a payment of $37,500 representing two months of base pay which was to be paid over six months. At the gross rate of $6250 per month. This payment was not contingent on the closing of any debt or equity financing.

4.10   Pursuant to the company's agreement, Snyder provided five months of consulting work to the company at $5500 per month.

4.11   The termination agreement also provided that the defendant would reimburse the plaintiff's monthly COBRA premium in the amount of $1598.99 for 12 months following the effective date of the agreement.

4.12   The termination agreement also provided that the defendant would pay the plaintiff unused accrued vacation time the amount of $8171.39. The agreement also provided that it would pay the plaintiff his unpaid base salary in the amount of $23,076.80. The company also was to reimburse outstanding business expenses of $3029.75. These payments which were incurred by the plaintiff prior to his termination were to be paid within 14 days of the execution of the agreement.

4.13   In return for these monetary concessions, the plaintiff was required under the termination agreement to surrender 1,700,000 stock options and to return 2 million shares of common stock. Those shares and options have been surrendered.

COMPLAINT FOR UNPAID WAGES - 4

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

4.14  On or about May 9, 2019, written notice of nonpayment of earned but unpaid wages and bonuses, accrued but unused paid time off, and unreimbursed expenses ("Unpaid Wages") was sent to the defendants.

4.15  The defendants have failed to pay the plaintiff any payments due and owing under the plaintiff's consulting agreement.

4.16  The defendants have failed to pay the plaintiffs any payments due and owing for his last paycheck, unreimbursed business expenses or accrued but unused paid time off.

4.17  The defendant failed to play the plaintiffs any payments due and owing under his termination agreement including, but not limited to, reimbursement for medical premiums, unreimbursed business expenses and severance.

4.18  Corporate Defendant has failed to pay Plaintiff for all of his Unpaid Wages.

4.19  As Chairman of the Corporate Defendant, Defendant McAuley is personally liable to Plaintiff for his Unpaid Wages.

## V.  CAUSE OF ACTION: FAILURE TO PAY WAGES

5.1  Plaintiff herein incorporates by reference the foregoing paragraphs of Plaintiff's complaint, as if set forth herein at length.

5.2  Plaintiff was not compensated pursuant to his termination agreement and consulting agreement including wages owed, reimbursement of business expenses incurred, and unused accrued vacation.

5.3  Defendants willfully and intentionally deprived Plaintiff of said Unpaid Wages.

COMPLAINT FOR UNPAID WAGES - 5

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563

5.4 As a direct and proximate result of Defendants' action, Plaintiff has sustained damages in an amount to be proven at trial.

## VI. CAUSE OF ACTION : BREACH OF CONTRACT

6.1 Plaintiff herein incorporates by reference the foregoing paragraphs of plaintiff's complaint as if fully set forth herein at length.

6.2 Plaintiff was not compensated pursuant to his termination agreement and his consulting agreement, and as a result defendants have breached their obligations thereunder.

6.3 As a direct and proximate cause of defendants' breach of these contracts, plaintiff has sustained damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

(1) Order Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

(2) Order Defendants to pay wages owing including double damages, penalties, interest, and attorney fees pursuant to RCW 49.52.010 *et seq;* RCW 48.46 *et seq,* RCW 49.48.030. 4

(3) Award Plaintiff all of the recoverable costs of this action, attorneys' fees and prejudgment interest; and

LASHER HOLZAPFEL SPERRY & EBBERSON
ATTORNEYS AT LAW
2600 Two Union Square
601 Union Street
Seattle WA 98101-4000
Telephone 206 624-1230
Fax 206 340-2563

(4)  Grant any additional or further relief as provided by law which this Court finds appropriate, equitable, or just.

DATED this 1st day of July, 2019.

LASHER HOLZAPFEL
SPERRY & EBBERSON PLLC

By: _____
Robin Williams Phillips, WSBA No. 17947
*Attorney for Plaintiff*

COMPLAINT FOR UNPAID WAGES - 7

LASHER
HOLZAPFEL
SPERRY &
EBBERSON

ATTORNEYS AT LAW
2600 TWO UNION SQUARE
601 UNION STREET
SEATTLE WA 98101-4000
TELEPHONE 206 624-1230
Fax 206 340-2563